UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARAH WISNIEWSKI,

    Plaintiff,

v.                                              Case No. 10-13580

DARRIN McALLISTER,                  HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (Doc. 40)
## AND
## DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 36)

I. Introduction

This is an employment discrimination case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII) and the Elliot-Larson Civil Rights Act (ELCRA), M.C.L. 37.2103 et seq. Plaintiff Sarah Wisniewski sued her former employer, Pontiac School District (Pontiac Schools) and former co-worker Darrin McAllister (McAllister), who was employed by the Pontiac Police Department as an officer liaison at a Pontiac school, claiming sexual harassment and retaliation. The amended complaint is in seven counts:

    Count I        Violation of Title VII Quid Pro Sexual Harassment;
    Count II       Violation of ELCRA Quid Pro Sexual Harassment;

    Count III       Violation of Title VII Hostile Work Environment;
    Count IV      Violation of ELCRA Hostile Work Environment;
    Count V       Violation of Title VII Retaliation;
    Count VI      Violation of ELCRA Retaliation; and
    Count VII     Civil Assault (against McAllister)

As will be explained, Pontiac Schools filed a motion for summary judgment. The Court granted in part and denied in part the motion, dismissing Wisniewski's claims of quid pro quo sexual harassment and retaliation under Counts I, II, V, and VI. Counts III, IV, VI, and VII continued. Thereafter, Pontiac Schools and Wisniewski settled and the Court entered a stipulated order dismissing Pontiac Schools.

As will also be explained, McAllister failed to appear after service and a clerk's entry of default was later entered against him.

Before the Court is Wisniewski's motion for a default judgment against McAllister in the amount of $30,000.00.

McAllister, proceeding pro se, filed a motion to set aside the clerk's entry of default. McAllister appeared with counsel for the hearing on both motions, at which counsel entered a limited appearance on McAllister's behalf.

For the reasons that follow, McAllister's motion is GRANTED. Wisniewski's motion is DENIED WITHOUT PREJUDICE.

## II. Background

On September 8, 2010, Wisniewski filed a complaint against Pontiac Schools. (Doc. 1). That same day, a summons issued for Pontiac Schools. On October 12, 2010, Pontiac Schools filed an answer to the complaint and an attorney entered an appearance on behalf of Pontiac Schools. (Docs. 4, 5).

On November 30, 2010, the Court held a status conference with the parties and

2

set up a discovery schedule.  (Doc. 6).

On February 1, 2011, Pontiac Schools filed a motion for leave to file a third party complaint against the City of Pontiac Police Department on the grounds that Wisniewski's deposition testimony showed that McAllister was the alleged primary source of the inappropriate conduct and he was emplyed by the police department.  (Doc. 7).

Thereafter, Wisniewski and Pontiac Schools agrees to allow Wisniewski to add McAllister as a defendant to the complaint.  The Court then entered an order allowing Wisniewski to amend the complaint.  (Doc. 8).

On March 31, 2011, Wisniewski filed an amended complaint adding McAllister.  The amended complaint alleged the same claims as the original complaint and added a claim for civil assault against McAllister.  McAllister was named in Counts III, IV (hostile work environment) and Count IV (civil assault).

On April 1, 2011, a summons issued for McAllister.  (Doc. 10).

On April 12, 2011, Pontiac Schools answered the amended complaint.  (Doc. 11).

On May 20, 2011, Wisniewski filed a motion for alternative service on McAllister, requesting service by posting the summons and complaint at the following address:

>Darrin McAllister
>8101 Lark Lane
>Grand Blanc, MI 48439

In support of the motion, Wisniewski stated that she had two process servers make diligent but unsuccessful attempts to serve McAllister at his last known residence and workplace.  As to his workplace, the process server was told that he was laid off.  As to

his residence (the Lark Lane address), the process server attempted to serve the summons and complaint six (6) times. Five times there was no answer at the door. One time he was told by a female who answered the door that McAllister was not home.

On May 23, 2011, the Court granted the motion for alternative service and allowed McAllister 28 days to answer the complaint. (Doc. 14).

On June 21, 2011, Wisniewski filed a certificate of service that the summons, complaint, and order for alternative service were posted at the Lark Lane address. (Doc. 16). Also on June 21 2012, Wisniewski filed a certificate of service that those same documents were mailed via certified mail to McAllister at the Lark Lane address. (Doc. 17).

McAllister failed to answer the complaint or otherwise appear in the case.

On July 18, 2011, Wisniewski requested a clerks' entry of default as to McAllister. (Doc. 18).

On July 19, 2011, the clerk entered a default against McAllister. (Doc. 19).

On July 25, 2011, Wisniewski filed a certificate of service of the clerk's entry of default stating that the entry of default was mailed to McAllister at the Lark Lane address. (Doc. 20).

Meanwhile, Pontiac Schools filed a motion for summary judgment on October 18, 2011. (Doc. 22). The Court, following a hearing and the filing of supplemental papers, granted in part and denied in part the motion. (Doc. 28). Thereafter, Pontiac Schools and Wisniewski agreed to facilitation before a magistrate judge. (Doc. 32). They later settled and Pontiac Schools was dismissed from the case. (Doc. 38).

On July 25, 2012, Wisniewski filed a motion for entry of default judgment against

4

McAllister. She asks for entry of a default judgment in the amount of $30,000.00 plus costs and attorney fees. Wisniewski relies on her deposition testimony in which she details the incidents of alleged harassment by McAllister. (Doc. 36).

On August 29, 2012, McAllister filed a motion to set aside the clerk's entry of default. (Doc. 39). McAllister lists the Lark Lane address as his address in his motion.[1]

### III. Legal Standards

Fed. R. Civ. P. 55(b) pertains to entry of default judgment. It provides in full:

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

Fed. R. Civ. P. 55(b).

---

[1] The front page of the motion lists his address as 810 Lark Lane. It is assumed this is a typographical error as his proof of service lists his address as 8101 Lark Lane. In any event, the Clerk sent a notice of hearing on both motions to 810 Lark Lane and 8101 Lark Lane.

Because the amended complaint did not seek a sum certain or one that could be made certain by computation, the amount of damages must be proven. " 'Where damages are unliquidated a default admits only the defaulting party's liability and the amount of damages must be proved." Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995) (quoting Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1026 (5th Cir.1982) (en banc)). The Court of Appeals for the Sixth Circuit has approved the approach taken by the Second Circuit: " 'Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.' " Vesligaj v. Peterson, No. 08–5942, 2009 WL 1286446, *3, 331 F. A'ppx 351 (6th Cir. May 11, 2009) (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted)). The Court accepts all well-pleaded factual allegations in the Complaint relating to liability as true. United States v. Wallace, No. 1:09–cv–89, 2010 WL 2302377, at *2 (S.D. Ohio April 28, 2010) ("Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true.").

Fed. R. Civ. P. 55(c) governs setting aside a default. It reads:

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

In determining whether to set aside a default, the court considers: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 192 (6th Cir. 1984). The "prejudice"

6

to the plaintiff and whether the defendant has a "meritorious defense" are the primary factors when evaluating a motion to set aside an entry of default. "[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." Shepard Claims, at 194. Each of these factors compels granting relief under Rule 55(c). The decision to set aside a default is left to the court's discretion. See id. at 193.

### IV. Analysis

It is undisputed that a clerk's entry of default has been entered against McAllister. However, McAllister says in his motion to set aside the default the following. He says he was employed by the Pontiac Police Department where he served in several capacities, including at Pontiac Northern High School as an officer liaison. McAllister was aware that Wisniewski made allegations against him while he worked at the high school, that the matter was investigated internally by the police department and he was cleared of any wrongdoing. He further says he was "advised" by someone that Wisniewski had "initiate a civil action against the Pontiac School District and/or himself." He further says he met with a lawyer from the City and/or School District and was advised that the matter was being handled. McAllister goes on to say that he is no longer employed by the Pontiac Police Department, that the police department was dissolved and an emergency manager appointed for the city. McAllister states that he did not hear anything else about this litigation until he received the motion for entry of default judgment.

In response to McAllister's statements in his motion, Wisniewski says that the

record is clear that McAllister was served with the summons and complaint, that the default was properly entered, and there are no grounds for setting the default aside. Wisniewski says that McAllister provides no detail as to when he spoke to an attorney, who the attorney was, or when he believed the matter was being handled. Moreover, Wisniewski attaches a document from the City of Pontiac which states that the results of the internal police investigation of Wisniewski's complaint show McAllister received a 120 hour suspension and was removed from the liaison position at the high school.

While the Court is mindful of McAllister's failure to appear in the case until now, the better course is to set aside the default. First, Wisniewski will not be prejudiced if the default is set aside. To establish prejudice, the plaintiff must show that delay caused by setting aside the entry of default "will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collision." Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir, 1990). Wisniewski does not indicate she will be prejudiced, other than having to litigate her claims against McAllister.

Moreover, McAllister states he has a meritorious defense to Wisniewski's claims. A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." INVST Financial Group, inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398-99 (6th Cir. 1987). While Wisniewski disagrees with McAllister's characterization of the results of the internal investigation, the Court cannot say at this point that his alleged defense lacks merit.[2]

---

[2] Pontiac Schools argued in their summary judgment papers that at least some of the sexual conduct between McAllister and Wisniewski was consensual, and Wisniewski admitted that at one point they had a consensual sexual relationship.

8

However, whether the default was entered against McAllister as a result of culpable conduct is a closer question. A party's conduct is culpable if it displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Shepard Claims, 796 F.2d at 194 (the default was not a result of culpable conduct where the delay was not lengthy and where there was no pattern of disregard for court orders or rules). Here, the record suggests on the one hand that McAllister attempted to avoid service of the summons and complaint. However, accepting McAllister's statements in his motion as true, he may have believed that the matter was being handled on his behalf by the police department.

Even if the default was not set aside, the Court is not convinced that a default judgment in the amount requested is warranted at this time. While Wisniewski argues that damages of $30,000.00 plus unknown costs and attorney fees are justified based on her deposition testimony, an evidentiary hearing would be necessary to satisfy the requirements under Rule 55(b).

Overall, the Court is satisfied that the entry of default should be set aside under the circumstances put by McAllister.[3]

The Court cautions McAllister that he must respond promptly and properly in all aspects of the case. This includes filing an answer to the amended complaint within ten (10) days and responding to any discovery requests by Wisniewski. Should McAllister fail in his obligations, Wisniewski may renew her request for a default judgment. See Fed. R. Civ. P. 37(b)(2)(A)(vi) (allowing for entry of a default judgment against a party

---

[3]These circumstances include the fact that the Pontiac Police Department is now dissolved and the City of Pontiac is operating under an emergency manager.

who fails to comply with a court order).

    SO ORDERED.

                         S/Avern Cohn
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE

Dated: September 21, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 21, 2012, by electronic and/or ordinary mail.

                         S/Julie Owens
                         Case Manager, (313) 234-5160